IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAWN TINDALL, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-3544-N |
| | § | |
| KEVIN CHEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants' motion to transfer venue from this Court to the United States District Court for the Southern District of New York [51]. Because the Court finds that the parties' agreements include a valid and applicable forum selection clause, the Court grants the motion to transfer venue. Additionally, the Court declines to rule on Defendants' motion to dismiss Plaintiffs' Amended Complaint [51] and leaves the question to the Southern District of New York.

## I. ORIGINS OF THE MOTION

Plaintiffs Dawn Tindall and Dedra Snow, Co-executors, filed this action on behalf of the Estate of Edward Dobroski, alleging that Defendants engaged in a fraudulent investment scheme. Specifically, Plaintiffs claim that Defendants orchestrated a fraudulent scheme involving systematic violations of their fiduciary duties as SEC-registered investment advisors, breaches of broker-dealer best execution obligations, and violations of state and federal securities laws through the solicitation and management of different

Advanced Technology Select Fund entities ("Funds") in which Dobroski invested. Pls.' First Amend. Comp. ¶¶ 1–3 [4].

When Dobroski invested in the Funds, he agreed to the terms of the operating agreement ("Fund Operating Agreement") and subscription agreement ("Fund Subscription Agreement"). Defs.' Mot. Transfer 1–2 [51]. These agreements contained a forum selection clause requiring Plaintiffs to bring their claims in New York County, New York, which includes the Southern District of New York. *Id.* Defendants now seek to enforce the forum selection clause in the agreements and transfer venue to the United States District Court for the Southern District of New York.

## II. LEGAL STANDARD FOR TRANSFER UNDER 28 U.S.C. § 1404(A)

Section 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Federal law applies to the enforceability determination of a forum selection clause "whether jurisdiction be based on diversity, a federal question, or some combination of the two." *Haynsworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997). It is well established that forum selection clauses are valid and enforceable under federal law absent a showing of unreasonableness under the circumstances. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 15–17 (1972). If valid, the forum selection clause applies to all claims that "'arise out of the contractual relationship and implicate the agreement . . . .'" *Demond v. Infiniti HR, LLC*, 2018 WL 4145053, at *4 (N.D. Tex. 2018) (quoting *Kessmann & Assocs. v. Barton-Ashman Assocs., Inc.*, 10 F. Supp. 2d 682, 688 (S.D. Tex. 1997)). The applicability of the clause "depends

on whether resolution of the claims relates to interpretation of the contract." *Id.* (quoting *Pinnacle Interior Elements, Ltd. v. Panalpina, Inc.*, 2010 WL 445927, at *5 (N.D. Tex. 2010)).

Normally, section 1404(a) motions require district courts to evaluate and balance a host of private and public interest factors. The presence of a valid, applicable forum selection clause changes the calculus in two ways: (1) the plaintiff's choice of forum is accorded no weight, and (2) the Court must deem the private interest factors entirely in favor of the preselected forum and only consider public interest arguments against transfer. *Atl. Marine*, 571 U.S. at 63–64. Thus, the analysis is limited to public interest factors including the following: "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 776 (5th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 n.6 (1981)). The "practical result" of these changes "is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64. The party challenging the forum selection clause bears the burden of "showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67.

## III. The Court Transfers the Case to the Southern District of New York

Plaintiffs do not dispute that the forum selection clause contained within the Fund Operating Agreement and Fund Subscription Agreement is mandatory as written. Pls.' Response Mot. to Transfer 12 [61]. Nor do Plaintiffs dispute that these Agreements, when applying Texas choice-of-law rules, must be interpreted according to Delaware and New York law, respectively.[1] *Id.* at 12–13. Rather, Plaintiffs argue that the claims at issue are not within the scope of the clause. *Id.* For the reasons below, the Court respectfully disagrees.

### *A. The Forum Selection Clause Applies to Plaintiffs' Claims*

The forum selection clause applies to Plaintiffs' claims because they are within its scope. Plaintiffs' claims are premised on allegations that Dobroski invested money into the Funds for access to pre-IPO shares of various technology companies. Pls.' First Amend. Comp. ¶¶ 1–3 [4]. When making the investment, Dobroski signed the Fund Operating Agreement and Fund Subscription Agreement, both of which included the following forum selection clause:

> Each party agrees that all legal proceedings concerning the interpretations, enforcement and defense of the transactions contemplated by this Agreement . . . shall be commenced exclusively in the state and federal courts sitting in the City of New York. Each party hereby irrevocably submits to the exclusive jurisdiction of

[1] "Texas law gives effect to choice of law clauses regarding construction of a contract." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 726 (5th Cir. 2003). Here, the Fund Operating Agreement and Fund Subscription Agreement provide that they should be governed by Delaware and New York law, respectively. Defs.' Mot. Transfer Appx. Ex. 2 at 42; Ex. 3 at 17 [53].

> the state and federal courts sitting in the City of New York, Borough of Manhattan for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein.

Defs.' Mot. Transfer Appx. Ex. 2 at 44; Ex. 3 at 17 [53].

The crux of Plaintiffs' claims "concern" or are "in connection with" Dobroski's investments in the funds: Plaintiffs raise allegations of misconduct as to Defendants' share pricing, disclosures, and management of the Fund investments. And the fact that Plaintiffs additionally plead noncontractual claims does not diminish the broad scope of the forum selection clause; the term "in connection herewith" is within the broader category of forum-selection clauses and covers noncontract claims. *George V. Eatertainment S.A. v. Elmwood Ventures LLC*, 2023 WL 2403618, at *6–7 (S.D.N.Y. 2023); *Sabal Ltd. LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 924 (W.D. Tex. 2016). As such, the Court finds that Plaintiffs' claims fall within the broad scope of the agreed upon forum selection clause.

### *B. Plaintiffs Have Not Established that Transferring the Case Would Violate the Public Interest*

The burden is on Plaintiffs to show that that the public interest factors "overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67. As Plaintiffs fail to engage in an analysis of the public interest factors, they have not met their burden to resist transfer.

## CONCLUSION

Because Plaintiffs have not met their burden to show the forum selection clause should not be enforced, the Court grants Defendants' motion and transfers the case to the District Court for the Southern District of New York. Additionally, the Court declines to

rule on Defendants' motion to dismiss Plaintiffs' Amended Complaint and leaves the question to the Southern District of New York.

Signed November 3, 2026.

David C. Godbey
Senior United States District Judge